JUDGE LINDSAY
delivered the opinion op the court.
This was an action brought by Litsey against Ewing to recover four hundred dollars, the amount of a note paid by Ewing to him in November, 1862, in Confederate money, at the rate of eighty cents on the dollar.
Litsey was originally a citizen of Washington County, Kentucky, but before the war removed to Texas. He became a soldier in the Confederate army. He was wounded about the time of the battle of Perryville, and when Bragg’s army withdrew from Kentucky he remained at his mother’s house in said county.
He claims that he was induced to accept the Confederate money in payment of his note on Ewing by reason of certain false and fraudulent representations made by the latter relative to attachment suits brought against him by parties whose property had been taken by Confederate soldiers. He also relies upon the fact that the circulation of Confederate money within the military lines of the Federal Government was prohibited by law, and therefore that the payment made by Ewing was contrary to public policy and void.
The proof shows that Litsey had been dealing in Confederate money, and that he freely and voluntarily accepted the payment made by Ewing and surrendered to him his note. It is further shown that Ewing’s representations relative to the suits and attachments were true.
The court below held that Confederate notes had a market value of fifty cents to the dollar at the time of the transaction, and charged Litsey with the amount received at that rate, and gave judgment against Ewing for the balance of his original indebtedness to Litsey, one hundred and fifty dollars.
*498 From that judgment Ewing has appealed, and Litsey prosecutes a cross-appeal.
As there was no fraud in the payment of the money, and as Litsey acted without constraint of any kind, the legality of the transaction is the only question to be considered. It seems to us that it can make very little difference to Litsey how this question is determined. If the payment was not contrary to law and public policy, then his debt is satisfied, and he has no claim upon Ewing. If, upon the other hand, the circulation of Confederate money within the military lines of the Federal Government was prohibited, then by the reception of the money he participated in the violation of the law; and, as the contract is fully executed, the courts will not disturb it at the instance of either party. The fact that Litsey was a Confederate soldier at the time can not change or abrogate this rule of law. He was not with his command, nor engaged in the military service of the hostile government at the time, and had no right, while permitted to remain within the Federal military lines, to violate the laws of the Federal Government, nor to disregai’d its military regulations.
The judgment is reversed, and the cause remanded with instructions to dismiss Litsey’s petition. (Judge Hardin did not sit in this case.)